FILED
2013 Jan-30  PM 04:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **STEVEN S. HARRIS, JR., individually and on behalf of all others similarly situated,** | ) ) ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.  2:12-CV-1075-SLB** |
| | ) | |
| **BRANDON K. FALLS, individually and in his official capacity as the District Attorney for the Tenth Judicial Circuit of Alabama,** | ) ) ) ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION</u>

This case is presently pending before the court on defendant's Motion to Dismiss. (Doc. 5.)[1] Plaintiff, Steven S. Harris, Jr., has sued defendant, Brandon K. Falls, the District Attorney for Jefferson County, alleging that defendant violated his constitutional rights to due process and to be free from unreasonable seizure; his claims are based on a number of criminal complaints executed by defendant's investigators, which charged plaintiff with negotiating worthless checks in violation of Alabama law.  Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's Motion to Dismiss, (doc. 5), is due to be granted.

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

# I. **MOTION TO DISMISS STANDARD**

Defendant has moved to dismiss plaintiff's Complaint for failure to state a claim upon which relief can be granted. The purpose of such a motion, authorized by Rule 12(b)(6) of the Federal Rules of Civil Procedure, is to test the facial sufficiency of the plaintiff's statement of a claim for relief. *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1367 (11th Cir. 1997). "Fed. R. Civ. P. 8(a)(2) requires that a pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010)(internal citations and quotations omitted).

When addressing a 12(b)(6) motion to dismiss, the court accepts the allegations in the Complaint as true and construes those allegations in the light most favorable to plaintiff. *Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP*, 634 F.3d 1352, 1359 (11th Cir. 2011)(quoting *Am. Dental Ass'n*, 605 F.3d at 1288). To survive a Motion to Dismiss, "the complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Id*. (quoting *Am. Dental Ass'n*, 605 F.3d at 1289 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)))(internal quotations omitted). A claim is "plausible" if the facts are sufficient "to allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "courts are not bound to accept as true a legal conclusion couched as a

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986))(internal quotations omitted). Also, the court does not assume that plaintiff can prove facts she has not alleged or that defendant has violated the law in ways that have not been alleged. *Id*. at 563 n.8 (citing *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 526 (1983)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (citations, brackets, and internal quotation marks omitted). "[W]hile notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).

## II.  STATEMENT OF FACTS

Plaintiff's Complaint contains the following facts:

4.  Plaintiff, Steven S. Harris, Jr., . . . is an adult resident of Jefferson County, Alabama.

5.  Defendant, Brandon K. Falls . . ., is the District Attorney for the Tenth Judicial Circuit of Alabama.  Falls operates the Jefferson County District Attorney's Worthless Check Unit [WCU] as part of the Jefferson County District Attorney's Office Special Services Division.  Falls is being

sued in his individual capacity as well as in his official capacity as the District Attorney of Jefferson County, Alabama.  . . .

. . .

### III.  NATURE OF ACTION

7.  The Plaintiff brings this action because the Defendant has engaged in acts which violate the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.  The Defendant is the final policy maker for the Jefferson County District Attorney's Office and all of its divisions and units. The Defendant has established an official policy and practice for [the] Jefferson County District Attorney's Office and the WCU, pursuant to which assistants, employees, investigators and/or agents of the District Attorney are allowed to sign warrant affidavits and/or criminal complaints in the capacity of affiant/complainant under circumstances where they are not a "victim" holding a worthless negotiable instrument, where they lack personal knowledge of the criminal act upon which probable cause may be grounded, and where the warrant affidavit/criminal complaint contains merely bare bones allegations and conclusory language.  Further, the Defendant has established a policy under which these same warrant affidavits/criminal complaints are presented to magistrates who issue arrest warrants.  The arrest warrants are subsequently executed on the Plaintiff and those similarly situated.  The warrant affidavits/criminal complaints are insufficient and not supported by probable cause, and as such, the warrants are void.  Further, as a result of the above, the Plaintiff and those similarly situated have been in the past, are presently being, and will be in the future, suffering injury and damages due to their being charged, arrested, jailed, prosecuted, fined, sentenced, and placed upon probation based upon void warrant affidavits/criminal complaints, thereby depriving them of their rights and immunities under the United States Constitution and the Constitution of the State of Alabama.

8.  Based upon clearly established law, the appropriate person or party to execute an arrest warrants/criminal complaint charging the crime of negotiating a worthless negotiable instrument is the victim who holds a worthless instrument, or[,] in the case of a business, [an] employee with personal knowledge of the crime.

9.   The Defendant's policy of allowing the District Attorney's assistants, employees, investigators and/or agents to execute the warrant

4

affidavits/criminal complaints results in a void warrant which further results in the District Court of Jefferson County lacking jurisdiction to act on the case, and in any action taken on the matter being void in its entirety.

10.  The practice described above is the official policy of the District Attorney of Jefferson County, Alabama, and has been set by the Defendant as its final policy maker.  The practice has been long standing and well settled in nature so as to be the policy regardless of whether or not it has been committed to writing.

. . .

## V.  FACTUAL ALLEGATIONS

14.  The Jefferson County District Attorney['s] Worthless Check Unit was authorized under Code of Alabama (1975) § 12-17-224.  Code of Alabama (1975) § 12-17-224 (a) expressly provides that the WCU will be under the "direction and control" of the District Attorney.  Falls is the final policy maker for the WCU, the Special Services Division and the District Attorney's Office as a whole, and is statutorily charged with directing and controlling the WCU.  As such, the Defendant was the final policy maker regarding the policy complained of in this Complaint.

15.  District Attorney Falls, pursuant to Ala. Code §§ 12-17-220 and 224, employs John Carden, Steven Corvin, and Bob Popwell as investigators, and they act as employees or agents of the Defendant.  The acts of Carden, Corvin and Popwell listed or complained of in this action were done at the direction and approval of Defendant Falls, and further, were done in accord with the policy and procedures declared by Defendant Falls as the final policy maker of the District Attorney's Office.

16.  In Jefferson County District Court Case Number: DC-2011-987, the Plaintiff was charged with Negotiating a Worthless Negotiable Instrument. In this case, Steven Corvin, an investigator with the WCU, swore to and signed the Criminal Complaint as the "Complainant" on November 29, 2010.  The victim in the case is listed as Superdollar Discount Foods.  Based upon the Criminal Complaint, a Warrant was issued by the District Court Magistrate on November 29, 2010, and the Plaintiff was arrested on August 24, 2011 by Bobby Popwell of the WCU.  Excluding the restitution for the amount of the check, the Plaintiff was assessed fees, costs, and [a] service charge totaling

5

$432.10, received a suspended sentence of 8 days, and was placed on two (2) years probation.  (See Attached Exhibit 1).

17.  In Jefferson County District Court Case Number: DC-2011-988, the Plaintiff was charged with Negotiating a Worthless Negotiable Instrument. In this case, Steven Corvin, an investigator with the WCU, swore to and signed the Criminal Complaint as the "Complainant" on November 29, 2010.  The victim in the case is listed as Superdollar Discount Foods.  Based upon the Criminal Complaint, a Warrant was issued by the District Court Magistrate on November 29, 2010, and the Plaintiff was arrested on August 24, 2011[,] by Bobby Popwell of the WCU.  Excluding the restitution for the amount of the check, the Plaintiff was assessed fees, costs, and [a] service charge totaling $432.10, received a suspended sentence of 5 days, and was placed on two (2) years probation.  (See Attached Exhibit 2).

18.  In Jefferson County District Court Case Number: DC-2011-989, the Plaintiff was charged with Negotiating a Worthless Negotiable Instrument. In this case, Steven Corvin, an investigator with the WCU, swore to and signed the Criminal Complaint as the "Complainant" on November 29, 2010.  The victim in the case is listed as Superdollar Discount Foods.  Based upon the Criminal Complaint, a Warrant was issued by the District Court Magistrate on November 29, 2010, and the Plaintiff was arrested on August 24, 2011[,] by Bobby Popwell of the WCU.  Excluding the restitution for the amount of the check, the Plaintiff was assessed fees, costs, and [a] service charge totaling $432.10, received a suspended sentence of 12 days, and was placed on two (2) years probation.  (See Attached Exhibit 3).

19.  In Jefferson County District Court Case Number: DC-2011-990, the Plaintiff was charged with Negotiating a Worthless Negotiable Instrument. In this case, Steven Corvin, an investigator with the WCU, swore to and signed the Criminal Complaint as the "Complainant" on November 29, 2010.  The victim in the case is listed as Superdollar Discount Foods.  Based upon the Criminal Complaint, a Warrant was issued by the District Court Magistrate on November 29, 2010, and the Plaintiff was arrested on August 24, 2011[,] by Bobby Popwell of the WCU.  Excluding the restitution for the amount of the check, the Plaintiff was assessed fees, costs, and [a] service charge totaling $432.10, received a suspended sentence of 9 days, and was placed on two (2) years probation.  (See Attached Exhibit 4).

20.  In Jefferson County District Court Case Number: DC-2011-7962, the Plaintiff was charged with Negotiating a Worthless Negotiable Instrument. In this case, John Carden, an investigator with the WCU, swore to and signed the Criminal Complaint as the "Complainant" on August 1, 2011.  The victim in the case is listed as Forestdale Ace Hardware.  Based upon the Criminal Complaint, a Warrant was issued by the District Court Magistrate on August 1, 2011, and the Plaintiff was arrested on August 24, 2011[,] by John Carden of the WCU.  Excluding the restitution for the amount of the check, the Plaintiff was assessed fees, costs, and [a] service charge totaling $432.10, received a suspended sentence of 27 days, and was placed on two (2) years probation.  (See Attached Exhibit 5).

21.  In Jefferson County District Court Case Number: DC-2011-7963, the Plaintiff was charged with Negotiating a Worthless Negotiable Instrument. In this case, John Carden, an investigator with the WCU, swore to and signed the Criminal Complaint as the "Complainant" on August 1,2011.  The victim in the case is listed as Forestdale Ace Hardware.  Based upon the Criminal Complaint, a Warrant was issued by the District Court Magistrate on August 1, 2011, and the Plaintiff was arrested on August 24, 2011[,] by John Carden of the WCU.  Excluding the restitution for the amount of the check, the Plaintiff was assessed fees, costs, and [a] service charge totaling $432.10, received a suspended sentence of 27 days, and was placed on two (2) years probation.  (See Attached Exhibit 6).

22.  In Jefferson County District Court Case Number: DC-2011-7964, the Plaintiff was charged with Negotiating a Worthless Negotiable Instrument. In this case, John Carden, an investigator with the WCU, swore to and signed the Criminal Complaint as the "Complainant" on January 9, 2012.  The victim in the case is listed as Goodyear Tire Center.  Based upon the Criminal Complaint, a Warrant was issued by the District Court Magistrate on January 9, 2012, and the Plaintiff was arrested on January 18, 2012[,] by John Carden of the WCU.  Excluding the restitution for the amount of the check, the Plaintiff was assessed fees, costs, and [a] service charge totaling $432.10, received a suspended sentence of 27 days, and was placed on two (2) years probation.  (See Attached Exhibit 7).

23.  In Jefferson County District Court Case Number: DC-2012-661, the Plaintiff was charged with Negotiating a Worthless Negotiable Instrument. In this case, John Carden, an investigator with the WCU, swore to and signed the Criminal Complaint as the "Complainant" on January 9, 2012.  The victim

in the case is listed as Goodyear Tire Center.  Based upon the Criminal Complaint, a Warrant was issued by the District Court Magistrate on January 9, 2012, and the Plaintiff was arrested on January 18, 2012[,] by John Carden of the WCU.  Excluding the restitution for the amount of the check, the Plaintiff was assessed fees, costs, and [a] service charge totaling $432.10, received a suspended sentence of 27 days, and was placed on two (2) years probation.  (See Attached Exhibit 8).

24.  In Jefferson County District Court Case Number: DC-2012-662, the Plaintiff was charged with Negotiating a Worthless Negotiable Instrument. In this case, John Carden, an investigator with the WCU, swore to and signed the Criminal Complaint as the "Complainant" on January 9, 2012.  The victim in the case is listed as Goodyear Tire Center.  Based upon the Criminal Complaint, a Warrant was issued by the District Court Magistrate on January 9, 2012, and the Plaintiff was arrested on January 18, 2012[,] by John Carden of the WCU.  Excluding the restitution for the amount of the check, the Plaintiff was assessed fees, costs, and [a] service charge totaling $432.10, received a suspended sentence of 27 days, and was placed on two (2) years probation.  (See Attached Exhibit 9).

25.  In Jefferson County District Court Case Number: DC-2012-663, the Plaintiff was charged with Negotiating a Worthless Negotiable Instrument. In this case, John Carden, an investigator with the WCU, swore to and signed the Criminal Complaint as the "Complainant" on January 9, 2012.  The victim in the case is listed as Goodyear Tire Center.  Based upon the Criminal Complaint, a Warrant was issued by the District Court Magistrate on January 9, 2012, and the Plaintiff was arrested on January 18, 2012[,] by John Carden of the WCU.  Excluding the restitution for the amount of the check, the Plaintiff was assessed fees, costs, and [a] service charge totaling $432.10, received a suspended sentence of 27 days, and was placed on two (2) years probation.  (See Attached Exhibit 10).

26.  In Jefferson County District Court Case Number: DC-2012-664, the Plaintiff was charged with Negotiating a Worthless Negotiable Instrument. In this case, John Carden, an investigator with the WCU, swore to and signed the Criminal Complaint as the "Complainant" on January 8, 2012.  The victim in the case is listed as Goodyear Tire Center.  Based upon the Criminal Complaint, a Warrant was issued by the District Court Magistrate on January 9, 2012, and the Plaintiff was arrested on [January] 18, 2012[,] by John Carden of the WCU.  Excluding the restitution for the amount of the check, the

Plaintiff was assessed fees, costs, and [a] service charge of $432.10, received a suspended sentence of 28 days, and was placed on two (2) years probation. According to the case detail sheet from Alacourt, the plaintiff was incarcerated in the Jefferson County Jail from January 18, 2012[,] until he entered his plea on January 25, 2012, a total of seven (7) days.  (See Attached Exhibit 11).

27.  Each of the Criminal Complaints noted in the preceding paragraphs contain[s] the same boilerplate language, [which] consists of merely bare bones allegations and conclusory language.  The form language used in the criminal complaint[s] states:

> Before me the undersigned Clerk/Magistrate of the District Court, personally appeared _____ or _____ who being duly sworn deposes and says that he/she has probable cause for believing, that within twelve months before making this affidavit, to wit: on or about _____, _____ did negotiate or deliver a worthless negotiable instrument, to wit: _____ in the amount of _____ check no. _____ payable to _____ for value or thing of value, to wit: _____ with the intent, knowledge or expectation that such negotiable instrument would not be honored by the Drawee, to wit: _____ in violation of 13A-9-13.1 of the Code of Alabama.

The criminal complaints themselves do not indicate whether the magistrate based [his or her] finding of probable cause on the testimony or deposition of the actual "victim" of the offense, or whether the finding was based solely on the representations made by the District Attorney signing as "complainant." Further, the warrant affidavits/criminal complaints do not contain an affirmative allegation that the affiant spoke with personal knowledge of the matter.  Additionally the warrant affidavits/criminal complaints do not indicate any source for the complainant's belief that probable cause exists.  The warrant affidavits/criminal complaints do not set forth a sufficient basis upon which a finding of probable cause could be based.   Based on the warrant affidavits/criminal complaints, the magistrate could not independently assess the probability that the crime occurred and that the Plaintiff, and those similarly situated[,] committed the crime. *See:  Giordeneilo v. United States, 357 U.S. 480, 78 S. Ct. 1245, 2 L. Ed. 2d 1503 (1958); Overton v. Ohio, 534 U.S. 982, 122 S. Ct. 389, 151 L. Ed. 2d 317 (2001).*

9

28.   Based upon the Case Action Summary sheets for the [worthless check] cases of the Plaintiff, in each case he was ordered to pay the following or a combination of the following:  Restitution in the amount of the check, $30.00 as a Victim's Fee payable to the Jefferson County District Court Clerk, $25.00 to the Alabama Crime Victim's Compensation Commission, a fine in the amount of $25.00 payable to the Jefferson County District Court Clerk, and a fee in the amount of 85% of the Court Costs assessed to the Plaintiff. Typically the total of the fees, costs and [a] service charge is in excess of $400.00.

(Doc. 1 ¶¶ 4-5, 7-10, 14-28.)

According to plaintiff's Complaint, the criminal complaints at issue allege that, between December 1, 2009 and December 8, 2009, plaintiff wrote four worthless checks to Superdollar Discount Foods, totaling $397.45.  (*Id*. at 24, 26, 28, 30.)  On November 15, 2010, plaintiff gave a check to Jeffco Revenue for $18.50 that was worthless.  (*Id*. at 36.) Plaintiff wrote two worthless checks to Forestdale Ace Hardware, one on June 4, 2011 and another on June 6, 2011, totaling $746.59.  (*Id*. at 32 and 34.)  Between July 18, 2011, and July 20, 2011, plaintiff wrote four worthless checks to Goodyear Tire Center, totaling $1,573.96.  (*Id.* at 38, 40, 41, 43.)  Plaintiff plead guilty to each criminal complaint.  (*See id*. at 25, 27, 29, 31, 33, 35, 37, 39, 42, 44.)  Moreover, plaintiff does not deny negotiating the worthless checks described in the criminal complaints or other allege any impropriety with the criminal proceedings after he was arrested.

## III.  <u>DISCUSSION</u>

### A.  FEDERAL CLAIMS

#### 1.  OFFICIAL CAPACITY CLAIMS

Defendant contends that he is entitled to Eleventh Amendment immunity from plaintiff's claims against him in his official capacity.    The Eleventh Amendment to the United States Constitution provides:  "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.  This immunity applies to state officials, sued in their official capacity.  *Lancaster v. Monroe County, Alabama*, 116 F.3d 1419, 1429 (11th Cir. 1997). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, . . . a State cannot be sued directly in its own name regardless of the relief sought." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)(citing *Alabama v. Pugh*, 438 U.S. 781 (1978) (per curiam )).  "[T]he Eleventh Amendment bars suits against state officials in federal court seeking retrospective or compensatory relief, but does not generally prohibit suits seeking only prospective injunctive or declaratory relief."  *Summit Medical Associates, P.C. v. Pryor*, 180 F.3d 1326, 1337 (11th Cir. 1999)(citations omitted)

In Alabama, "[i]n exposing and prosecuting crimes, district attorneys are members of the executive branch of ***state*** government."  *Piggly Wiggly No. 208, Inc. v. Dutton*, 601 So. 2d 907, 910 (Ala. 1992)(citing *Dickerson v. Alabama*, 414 So. 2d 998, 1008 (Ala. Crim. App.

11

1982))(emphasis added); *see also* doc. 12 (holding that defendant is a state official and not a county official).   Because defendant, as District Attorney, is a state officer, the claims against him for money damages in his official capacity will be dismissed with prejudice as barred by the Eleventh Amendment.

Also, the court finds that plaintiff cannot maintain a claim for prospective injunctive relief against defendant because, for the reasons set forth below, the criminal complaint forms, as completed by defendant's investigators, do not lack probable cause.[2]

Defendant's Motion to Dismiss, (doc. 5), will be granted and plaintiff's claims against defendant in his official-capacity will be dismissed.

### 2.  INDIVIDUAL CAPACITY CLAIMS

#### a.  Absolute Immunity

Defendant argues that he is entitled to absolute immunity either as the prosecutor or as a witness.   However, the Supreme Court has held that the "complaining witness" – the "party who procured an arrest and initiated a criminal prosecution" – is not entitled to absolute immunity.  *See Rehberg v. Paulk*, 132 S. Ct. 1497, 1507 (2012)(citing, *inter alia*, *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997); *Malley v. Briggs*, 475 U.S. 335, 340-41

---

[2]Also, the court notes that plaintiff has not shown that he has standing to challenge the prospective application of the criminal complaint forms and he had not alleged the likelihood of substantial and immediate irreparable injury necessary for injunctive relief because he has not alleged he is likely to be arrested for passing worthless checks in the future.  *See generally O'Shea v. Littleton*, 414 U.S. 488 (1974).

(1986)).   Justice Scalia, concurring in the *Kalina* decision, noted, "A conscientious prosecutor reading our cases should now conclude that there is absolute immunity for the decision to seek an arrest warrant after filing an information, but only qualified immunity for testimony as a witness in support of that warrant."   *Kalina*, 522 U.S. at 131 (Scalia, J., concurring).

Therefore, to the extent defendant can be held liable for the affidavits/criminal complaints signed by his investigators,[3] he is not entitled to absolute immunity.

### b. Qualified Immunity

As a government official, the doctrine of qualified immunity may shield defendant in his individual capacity from liability for civil damages arising out of plaintiff's allegations of a Fourth Amendment violation.

> When government officials act in a way that knowingly violates a clearly established statutory or constitutional right of which a reasonable person would have known, they are not immune from suit and may be held liable for the damage their actions caused. *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982).  But when these same officials make decisions that do not knowingly violate such rights, they are not required to defend themselves in a lawsuit

---

[3]"It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.  Thus, the Supervisory Defendants are liable only if they personally participated in the allegedly unconstitutional conduct or if there is a causal connection between their actions and the alleged constitutional deprivation." *West v. Tillman*, 496 F.3d 1321, 1328 (11th Cir. 2007)(quoting *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003))(internal quotations and citations omitted).  For purposes of this decision, the court assumes defendant created the form criminal complaints at issue in this case and that he directed his investigators to sign these forms to institute the criminal proceedings against plaintiff.

> seeking damages. *Id*. They are "immune" from suit. *Id*. We call this defense
> "qualified immunity" because the official is immune from a damage lawsuit,
> qualified upon his ability to show that he did not knowingly violate the
> plaintiff's clearly established constitutional right. *Id*.

*Ray v. Foltz*, 370 F.3d 1079, 1081-82 (11th Cir. 2004). "Qualified immunity operates to

ensure that before they are subjected to suit, officers are on notice their conduct is unlawful."

*Carr v. Tatangelo*, 338 F.3d 1259, 1266 (11th Cir. 2003)(quoting *Hope v. Pelzer*, 536 U.S.

730, 739 (2002)(quoting *Saucier v. Katz*, 533 U.S. 194, 206 (2001)))(internal citations and

quotations omitted.).

The Eleventh Circuit uses a two-step analysis to determine whether a public official

has qualified immunity: (1) the public official must establish that he was acting within the

scope of his discretion; and (2), if the public official establishes that he was acting within his

discretion, the plaintiff must show that the public official violated clearly established

statutory or constitutional law. *Wood v. Kesler*, 323 F.3d 872, 877-78 (11th Cir. 2003); *Sims

v. Metropolitan Dade County*, 972 F.2d 1230, 1236 (11th Cir. 1992). For purposes of the

§ 1983 claims, the court finds that defendant was acting within his discretion in creating the

form criminal complaints and directing his agents to use the form; therefore, the issue for the

court is whether his actions violated clearly established constitutional law.

Whether defendant's actions violated clearly established constitutional law also

"consists of a two-part inquiry." *Harris v. Coweta County, Ga.*, 433 F.3d 807, 812 (11th Cir.

2005)(citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

First we ask, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" [*Saucier*, 533 U.S. at 201] If, assuming the plaintiff's allegations were true, no such right would have been violated, the analysis is complete. However, if a constitutional violation can be made out on the plaintiff's facts, we then must determine "whether, at the time of the incident, every objectively reasonable police officer would have realized the acts violated already clearly established federal law." *Garrett v. Athens-Clarke County*, 378 F.3d 1274, 1278-79 (11th Cir. 2004)(citing *Saucier*, 533 U.S. at 201-02).

*Id.*

"The threshold inquiry a court must undertake in a qualified immunity analysis is whether plaintiff's allegations, if true, establish a constitutional violation." *Hope*, 536 U.S. at 736.[4]  In a civil action brought pursuant to § 1983, the plaintiff bears the burden of demonstrating a constitutional violation. *Harris*, 433 F.3d at 811(citing *Lee v. Ferraro*, 284 F.3d 1188, 1193-94 (11th Cir. 2002)); *Kesler*, 323 F.3d at 877-78.

### i.  Fourth Amendment – Wrongful Arrest

#### A. Malicious Prosecution

The court notes that § 1983 claims based on an arrest based on a warrant is analogous to a common-law claim of malicious prosecution. *Whiting v. Traylor*, 85 F.3d 581, 585 (11th

---

[4]The Supreme Court has limited *Saucier's* mandate that a district court **must** decide the question of qualified immunity by deciding first if their has been a constitutional violation. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)("On reconsidering the procedure required in *Saucier*, we conclude that, while the sequence set forth there is often appropriate, it should no longer be regarded as mandatory.  The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.").

Cir. 1996).   And, like a claim for malicious prosecution, a § 1983 plaintiff – claiming a Fourth Amendment violation arising from his arrest pursuant to a warrant – must allege and prove that the legal proceedings terminated in his favor.  *Id.*; *Uboh v. Reno*, 141 F.3d 1000, 1004 (11th Cir. 1998)(citing *Heck v. Humphrey*, 512 U.S. 477, 484 (1994); *Kelly v. Serna*, 87 F.3d 1235, 1240-41 (11th Cir.1996)).

In this case, plaintiff was arrested pursuant to warrants.  (Doc. 1 at 24, 26, 28, 30, 32, 34, 36, 38, 40. 41, 43.)  He pled guilty to the criminal complaints at issue in this case.  (Doc. 1 at 25, 27, 29, 31, 33, 35, 37, 39, 42, 44.)   He alleges that he "suffered wrongful imprisonment, wrongful imposition of fees, costs of court, service charges, and fines," as a result of these prosecution, (*id.* ¶ 40); however, he does not allege that any of these prosecutions terminated in his favor.  Therefore, he cannot pursue a § 1983 claims based on Fourth Amendment violations arising from his arrests pursuant to these warrants, and Count One of his Complaint is due to be dismissed.

### B.  Probable Cause

Assuming that plaintiff can pursue Fourth Amendment violations based on his arrests pursuant to these warrants, the court finds that probable cause exists for the warrants; therefore, plaintiff's Fourth Amendment claims are barred.

"Under the Fourth Amendment, an individual has a right to be free from 'unreasonable searches and seizures[,]' and an arrest is a seizure of the person."  *Case v. Eslinger*, 555 F.3d 1317, 1326 (11th Cir. 2009) (quoting *Skop v. City of Atlanta, Ga.* 485

F.3d 1130, 1137 (11th Cir. 2007)) (alterations omitted).  The existence of probable cause determines the reasonableness of an arrest under the Fourth Amendment.  *Id*.  "[T]he existence of probable cause at the time of arrest constitutes an absolute bar to a section 1983 action for false arrest."  *Id*. at 1326-27 (quoting *Kingsland v. City of Miami*, 382 F.3d 1220, 1226 (11th Cir. 2004))(quotations and alteration omitted); s*ee also Von Stein v. Brescher*, 904 F.2d 572, 579 (11th Cir. 1990)("[A]n arrest without probable cause to believe a crime had been committed violate[s] the Fourth Amendment.").

"Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime."  *Case*, 555 F.3d at 1327 (quoting *United States v. Gonzalez*, 969 F.2d 999, 1002 (11th Cir. 1992)); *see also Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir. 2002)(requiring that arrest be objectively reasonable based on the totality of the circumstances).  "When the constitutional validity of an arrest is challenged, it is the function of the court to determine whether the facts available to the arresting officers at the moment of the arrest support a finding of probable cause."  *United States v. Allison*, 953 F.2d 1346, 1350-51 (11th Cir. 1992).

In Count One of his Complaint, plaintiff alleges, "The Defendant deprived the Plaintiff, and those similarly situated, of their rights and immunities secured by the Fourth Amendment[ ] to the United States Constitution in violation of 42 U.S.C. § 1983 by subjecting them to an illegal seizure based upon the lack of probable cause, a proper probable

cause determination, a void criminal complaint and an illegal warrant." (Doc. 1 ¶ 36.)   He

alleges:

> 27.   Each of the Criminal Complaints . . . contain[s] the same
> boilerplate language, consists of merely bare bones allegations and conclusory
> language.   The form language used in the criminal complaint states:
>
>> Before me the undersigned Clerk/Magistrate of the District
>> Court, personally appeared _____ or _____ who
>> being duly sworn deposes and says that he/she has probable
>> cause for believing, that within twelve months before making
>> this affidavit, to wit: on or about _____ did negotiate or
>> deliver a worthless negotiable instrument, to wit: _____
>> in the amount of _____ check no. _____ payable to
>> _____ for value or thing of value, to wit: _____
>> with the intent, knowledge or expectation that such negotiable
>> instrument would not be honored by the Drawee, to wit:
>> _____ in violation of 13A-9-13.1 of the Code of Alabama.
>
> The criminal complaints themselves do not indicate whether the magistrate
> based their finding of probable cause on the testimony or deposition of the
> actual "victim" of the offense, or whether the finding was based solely on the
> representations made by the District Attorney signing as "complainant."
> Further, the warrant affidavits/criminal complaints do not contain an
> affirmative allegation that the affiant spoke with personal knowledge of the
> matter.  Additionally the warrant affidavits/criminal complaints do not indicate
> any source for the complainant's belief that probable cause exists.  The warrant
> affidavits/criminal complaints do not set forth a sufficient basis upon which a
> finding of probable cause could be based.   Based on the warrant
> affidavits/criminal complaints, the magistrate could not independently assess
> the probability that the crime occurred and that the Plaintiff, and those
> similarly situated committed the crime. *See*: *Giordeneilo v. United States*, 357
> U.S. 480, 78 S. Ct. 1245,2 L. Ed. 2d 1503 (1958); *Overton v. Ohio*, 534 U.S.
> 982, 122 S. Ct. 389, 151 L. Ed. 2d 317 (2001).

(*Id*. ¶ 27.)

In this case, the facts set forth in the criminal complaints support a finding of probable cause to arrest plaintiff for negotiating worthless checks.  In Alabama, "A person commits the crime of negotiating a worthless negotiable instrument if the person negotiates or delivers a negotiable instrument for a thing of value and with the intent, knowledge, or expectation that it will not be honored by the drawee."   Ala. Code § 13A-9-13.1 (a).  Each criminal complaint in this case contains the statement that the district attorney's investigator "personally appeared" before a "Clerk/Magistrate of District Court" of Jefferson County, and swore that he had "probable cause for believing" that plaintiff had "negotiat[ed] or deliver[ed] a worthless negotiable instrument" to the victim.   Each criminal complaint lists the date, amount, payee, drawee bank, and "complainant" for each dishonored check.  With one exception, the court notes that, although each criminal complaint sets forth a single dishonored check, the investigators signed multiple criminal complaints on behalf of plaintiff's victims on the same day.  On November 29, 2010, Steven Corvin signed four criminal complaints setting forth four different worthless checks given to Superdollar Discount Foods between December 1, 2009, and December 8, 2009.  On August 1, 2011, John Carden signed two criminal complaints, setting forth two worthless checks given to Forestdale Ace Hardware on June 4, 2011, and June 6, 2011.  And, on January 9, 2012, Carden signed four criminal complaints, setting forth four worthless checks given to Goodyear Tire Center between July 18, 2011, and July 20, 2011.  Nothing in the record indicates that the Magistrate or Clerk issuing the warrant was unaware that the complaining

19

witnesses were investigators and that their particular area of investigation was worthless checks.  Moreover, nothing in the Complaint indicates that the Magistrate or Clerk issuing the warrants did not have a reasonable basis for concluding, as the investigators attested, that plaintiff passed the worthless checks as presented.  These circumstances, set forth in the criminal complaints, are "sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense."  *Knight v. Jacobson*, 300 F.3d 1272, 1274 (11th Cir. 2002)(quoting *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975)).

Plaintiff contends the criminal complaints in this case are bare bones and conclusory, like the one described in *Crittenden v. State*, "which consist[ed] ***solely*** of the affiant's conclusion that the named individual committed an offense, without setting forth the facts upon which the conclusion is based."  *Crittenden v. State*, 476 So. 2d 632, 634 (Ala. 1985)(emphasis added).  The court disagrees.  The criminal complaints in this case, signed by investigators in the district attorney's WCU, specifically recite the facts of plaintiff's negotiation of worthless checks to the victims at issue – including the date, payee, and amount of each worthless check.

The court finds that the criminal complaints are supported by probable cause. Therefore, Count One of plaintiff's Complaint, alleging wrongful arrest in violation of plaintiff's Fourth Amendment rights, is due to be dismissed.

Because the court finds the criminal complaints were supported by probable cause, the court need not address whether plaintiff has alleged that the law was clearly established.

*See Case*, 555 F.3d at 1327 ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity."  (quoting *Saucier*, 533 U.S. at 201)).

### ii.  Due Process Clause

Count Two of plaintiff's Complaint states:

> 41.  The Plaintiff alleges that the Defendant violated his Constitutional right to substantive and procedural due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983 by executing warrant affidavits/criminal complaints based upon a procedure that violates established law and constitutional principles, and which deprives the Plaintiff and those similarly situated of their Constitutional rights and immunities and their liberty.

(Doc. 1 ¶ 41.)

Defendant has moved to dismiss Count Two of plaintiff's Complaint on the grounds that (1) "[i]t is axiomatic that the District Attorney is a state actor representing the State of Alabama and the Fifth Amendment Due Process Clause does not apply," (doc. 6 at 3 [citing *Green v. Freeman*, 434 F. Supp. 2d 1172, 1176 (M.D. Ala. 2005)],[5] and (2) plaintiff cannot allege a separate due process claim based on wrongful arrest "[b]ecause the Fourth Amendment specifically addresses the requirements for a lawful arrest [and] it exclusively governs allegations of arrest without probable cause, (*id*. at 4-6 [citing, *inter alia*, *Albright*

---

[5]*See also Dusenbery v. United States*, 534 U.S. 161, 167 (2002)("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'").

*v. Oliver*, 510 U.S. 266 (1994)]); *see also American Federation of Labor and Congress of Indus. Organizations v. City of Miami*, 637 F.3d 1178, 1185 (11th Cir. 2011).[6]   In response to defendant's Motion to Dismiss, plaintiff contends:

> The [plaintiff] acknowledges that his claims center on the violation of his Fourth Amendment rights.  However, should the court be of the mind to dismiss such claims, the Plaintiff would request[ ] that he be allowed an opportunity to amend his Complaint to allege other and different violation of the Fourteenth Amendment that have presented themselves after the initial filing of the Complaint.

(Doc. 9 at 29.)  Plaintiff has not moved to amend his complaint and he has not informed the court of the facts supporting a due process violation that is not based on his unlawful arrest.

Defendant's grounds for dismissal of plaintiff's due-process claim are well taken. Plaintiff may not base his due process claim on violations of his Fourth Amendment rights. Also, his allegations do not allege a violation of his substantive due process rights. Moreover, the court notes that plaintiff's Complaint fails to allege that the procedures available in state court were inadequate to resolve the alleged defects in the criminal complaints.  "Since the [Alabama] courts possess the power to remedy any deficiency in the process by which [plaintiff] was [arrested and charged], [plaintiff] cannot claim that he was deprived of procedural due process."  *See McKinney v. Pate*, 20 F.3d 1550, 1565 (11th Cir. 1994).

---

[6]The alleged constitutional violations plaintiff alleges are that defendant's investigators signed bare-boned and conclusory affidavits/criminal complaints. These allegations do not support a claim for substantive due process. *See County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998).

Indeed, plaintiff pled guilty to all eleven criminal complaints at issue.  "The fact that [plaintiff] failed to avail himself of the full procedures provided by state law does not constitute a sign of their inadequacy." *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 485 (1982), *quoted in McKinney*, 20 F.3d at 1565.

The Eleventh Circuit has held:

> A district court' discretion to dismiss a complaint without leave to amend "is 'severely restrict[ed]' by Fed. R. Civ. P. 15(a), which directs that leave to amend 'shall be freely given when justice so requires.'"  *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988)(citation omitted).  Generally, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991).  A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.  *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

*Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).  Based on the allegations in plaintiff's Complaint and the exhibits attached thereto, the court finds any amendment to reassert a § 1983/Fourteenth Amendment due process claim would be futile.

Therefore, defendant's Motion to Dismiss Count Two of plaintiff's Complaint will be granted and plaintiff's federal due process claims will be dismissed.

## B.  STATE-LAW CLAIMS

Plaintiff alleges that "Defendant violated his Constitutional rights under Article I, Sections 5 and 6 of the Constitution of the State of Alabama by wrongfully seizing the

Plaintiff based upon a void criminal complaint and by not affording the Plaintiff his rights to substantive and procedural due process." (Doc. 1 ¶ 46.) He claims the court has jurisdiction over these claims pursuant to 28 U.S.C. § 1367. (*Id*. ¶ 1.)

Section 1367(c)(3) provides, "The district courts may decline to exercise supplemental jurisdiction over a [state-law] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). "Because no basis for original federal jurisdiction presently exists, the district court has the discretion to decline to exercise supplemental jurisdiction." *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County*, 402 F.3d 1092, 1123 (11th Cir. 2005)(citing 28 U.S.C. § 1367(c); *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir.2002)). *see also Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997).[7] Indeed, "if the federal claims are dismissed prior to trial,[the Supreme Court] strongly encourages or even requires dismissal

---

[7]The *Baggett* court held:

> Resolution of Plaintiffs' state law claims depends on determinations of state law. State courts, not federal courts, should be the final arbiters of state law. When coupled with the Court's discretion to exercise supplemental jurisdiction under § 1367(c), this Court finds that the state law claims remaining in this action are best resolved by the Georgia courts. This is especially true here where the Court is dismissing Plaintiffs' federal law claim prior to trial. The Court finds that judicial economy, fairness, convenience, and comity dictate having these state law claims decided by the state courts.

*Baggett*, 117 F.3d at 1353 (citing, *inter alia*, *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Eubanks v. Gerwen*, 40 F.3d 1157 (11th Cir.1994)).

24

of state claims." *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999)(quoting *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984)(citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.  Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." (footnotes omitted)))).

Because the Alabama state courts are in the best position to interpret and apply the provisions of the Alabama Constitution and state-agent immunity, this court declines to exercise supplemental jurisdiction over Count Three of plaintiff's Complaint.  Therefore, the court pretermits discussion of defendant's Motions to Dismiss plaintiff's state-law claims.  The court declines to exercise supplemental jurisdiction over these claims and they will be dismissed without prejudice.[8]

## CONCLUSION

For the foregoing reasons, the court is of the opinion that Counts One and Two of plaintiff's Complaint are due to be dismissed with prejudice; Count Three will be dismissed

---

[8]The court notes that Count Four in plaintiff's Complaint does not allege a separate cause of action.  Rather, this court alleges that plaintiff is entitled to injunctive relief.  Because the court has dismissed plaintiff's substantive causes of action, it pretermits discussion of whether plaintiff, if successful, would be entitled to injunctive relief.

without prejudice.  An Order granting defendant's Motion to Dismiss, (doc. 5), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 30th day of January, 2013.

*Sharon Lovelace Blackburn*

SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE